131 Ill. App.3d 694 (1985)
476 N.E.2d 69
In re TRINA LYNN CROUCH, a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
Carla Rogers Malone, Respondent-Appellant).  In re TRACEY MICHELLE CROUCH, a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
Carla Rogers Malone, Respondent-Appellant).
Nos. 4-84-0632, 4-84-0633 cons.
Illinois Appellate Court  Fourth District.
Opinion filed March 19, 1985.
David H. Hoff, of Fruin, Andrews & Hoff, of Paris, for appellant.
Michael M. McFatridge, State's Attorney, of Paris (Robert J. Biderman and Michael K. Blazicek, both of State's Attorneys Appellate Service Commission, of counsel), for the People.
Steven L. Garst, of Ruff & Garst, of Paris, guardian ad litem.
Reversed and remanded.
*695 JUSTICE WEBBER delivered the opinion of the court:
Following a combined hearing in the circuit court of Edgar County, the parental rights of respondent, Carla Rogers Malone, as to her two daughters were terminated pursuant to sections 1(D) (b) and (m) of "An Act in relation to the adoption of persons, and to repeal an act therein named" (Ill. Rev. Stat. 1983, ch. 40, pars. 1501(D)(b), (m)) and section 5-9(2) of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 705-9(2)). Respondent now appeals from all of the orders entered in both cases below claiming that the circuit court failed to properly gain jurisdiction over the persons of her daughters since they have never been served with summons, or notice, as to these proceedings. She also challenges the court's finding that she is an unfit parent.
On June 23, 1980, respondent turned her daughters, Trina Lynn Crouch and Tracey Michelle Crouch, over to the Department of Children and Family Services (DCFS). She requested that DCFS care for the children until she was on her "feet again." On June 24, 1980, a petition for adjudication of wardship was filed as to each child. Both petitions named the minor, the mother (respondent herein), and the father (Bobby Crouch) as respondents. Following a hearing on the same day, the circuit court placed both children in the temporary custody of DCFS and scheduled a further hearing for July 10, 1980.
Summons as to the July 10, 1980, hearing on the petitions for adjudication of wardship was directed only to the mother and father. The mother, representatives of DCFS, and the children, in the custody of DCFS, were present at the hearing. Respondent confessed to the petitions, and the court found each child to be neglected and made each a ward of the court. They were placed in the custody and guardianship of the DCFS guardianship administrator. At the time, Trina Lynn Crouch was two years old and Tracey Michelle Crouch was one year old.
Pursuant to a petition for supplemental relief filed on September 29, 1981, the parental rights of the father, Bobby Crouch, were terminated as to each child.
Another petition for supplemental relief was filed on June 28, 1983. Therein it was requested that the court modify its July 10, 1980, order by finding respondent to be an unfit mother and by terminating her parental rights as to each child. A hearing on the supplemental petition was scheduled for January 6, 1984. Although they were included as respondents in the petition, no summons was ever directed to the minors. Nor was summons directed to the guardianship *696 administrator of DCFS.
The circuit court appointed a guardian ad litem for the minors on July 12, 1983. He appeared at the January 6, 1984, hearing, along with the respondent herein, her counsel, and the assistant State's Attorney. Following testimony by representatives of DCFS, a psychiatrist, and the respondent, the circuit court found that respondent had failed to make a reasonable effort to correct the conditions which were the basis for the removal of her daughters from her custody. The court also found that she had failed to make reasonable progress toward the return of her daughters within 12 months after they were adjudicated neglected and that she had failed to maintain a reasonable degree of interest, concern, or responsibility as to the children's welfare. She was determined to be an unfit parent pursuant to sections 1(D)(b) and (m) of "An Act in relation to the adoption of persons, and to repeal an act therein named" (Ill. Rev. Stat. 1983, ch. 40, pars. 1501(D)(b), (m)). A written order incorporating these findings was filed on March 22, 1984, wherein respondent's parental rights were terminated as to each child.
Respondent filed her post-trial motion on April 19, 1984. A hearing on the motion was held July 31, 1984. In an order filed on August 14, 1984, respondent's motion was denied. She subsequently filed timely notice of appeal. Upon the joint motion of the parties, the cases were consolidated for the purposes of this appeal.
On appeal, respondent first contends that all of the orders of the circuit court in both cases below are void because the minors involved were not given proper notice of the proceedings. Hence, she claims, the circuit court lacked personal jurisdiction over them and its orders should be vacated.
Section 4-3(1) of the Juvenile Court Act mandates that a summons, with a copy of the petition attached, shall be directed to the minor and each person named as a respondent in a petition filed pursuant to section 4-1 of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, pars. 704-1, 704-3(1)). It is undisputed that no summons was ever served on either minor here, nor was any summons directed to the guardianship administrator of DCFS. Respondent claims that this statutory violation resulted in a failure to obtain jurisdiction over the minors and served to void all of the circuit court's orders.
In support of this contention respondent relies on the recent decision of our supreme court in People v. R.S. (1984), 104 Ill.2d 1, 470 N.E.2d 297. There, the court held that the failure to notify a *697 necessary respondent in a juvenile proceeding results in a failure to properly invoke the circuit court's jurisdiction and renders its orders void. (See also People v. R.D.S. (1983), 94 Ill.2d 77, 445 N.E.2d 293.) Respondent argues that this clear language applies to the present juvenile proceeding also.
It is clear that the minors here were not properly notified pursuant to the requirements of the Juvenile Court Act. Indeed, the State does not argue that proper notice was given here. However, the State contends that respondent does not have standing to assert this error and she has waived the contention due to her lack of diligence below. The State further claims that notice to these minors, because of their age, would have been impractical and that their interests were adequately represented in any event.
 1 Initially, we do not believe that the waiver rule should be applied in this case. Respondent argued that the court lacked jurisdiction over the minors due to the lack of notice at the July 31, 1984, hearing on her post-trial motion. The circuit court considered and rejected the argument at that time. Therefore, the issue was brought to the circuit court's attention. Furthermore, a petition attacking a judgment as void may be brought at any time, either in a direct or collateral proceeding. In re Marriage of Parks (1984), 122 Ill. App.3d 905, 461 N.E.2d 681; Augsburg v. Frank's Car Wash, Inc. (1982), 103 Ill. App.3d 329, 431 N.E.2d 58.
 2 Next, we believe that respondent does have standing to allege the statutory violation and lack of jurisdiction. Standing contemplates a personal stake in the outcome of a controversy or the adjudication of an issue. (Weihl v. Dixon (1977), 56 Ill. App.3d 251, 371 N.E.2d 881.) Here, due to the nature of the juvenile proceedings and the termination of her parental rights, respondent has standing to argue that her daughters did not receive the required notice as to these proceedings. Indeed, noncompliance with the notice provisions of this Act has been held to violate the right of parent and child to due process. People v. R.S. (1984), 104 Ill.2d 1, 470 N.E.2d 297; In re J.W. (1981), 87 Ill.2d 56, 429 N.E.2d 501.
We do not believe, nor does the statute suggest, that the notice provisions of the Juvenile Court Act are mandatory only when practical. Rather, "[n]otice to all required by the Act is mandatory." (In re J.W.M. (1984), 123 Ill. App.3d 1036, 1037, 463 N.E.2d 1023, 1024.) The provisions are applicable regardless of the age of the minor. Likewise, the contention that the minor's interests here were adequately represented by others is based upon speculation and does not fulfill the statutory notice requirement.
*698  3 The supreme court has expressly held that the failure to notify a known respondent in a juvenile proceeding results in the failure to properly invoke the circuit court's jurisdiction. (People v. R.S. (1984), 104 Ill.2d 1, 470 N.E.2d 297; People v. R.D.S. (1983), 94 Ill.2d 77, 445 N.E.2d 293.) The State does not contend that notification was given to the minors here. Therefore, the circuit court did not have jurisdiction over the persons of the minors. Similarly, as articulated by Justice Goldenhersh in his special concurrences in People v. R.S. (1984), 104 Ill.2d 1, 470 N.E.2d 297, and People v. R.D.S. (1983), 94 Ill.2d 77, 445 N.E.2d 293, the orders entered by the circuit court were in violation of the statutory provisions and were erroneous for that reason alone. Accordingly, the orders entered by the circuit court in these juvenile proceedings must be reversed.
We note that the supreme court, in R.S., stated that, where notice is not given, the orders entered by the circuit court are void. This would appear to suggest that subject-matter jurisdiction was lacking. However, the case was remanded to the circuit court for further proceedings, indicating that the circuit court did have subject-matter jurisdiction and that its orders were merely voidable as lacking in personal jurisdiction over the parties. (See In re L.E.J. (1983), 115 Ill. App.3d 993, 451 N.E.2d 289.) Likewise, the circuit court's orders here were voidable in that personal jurisdiction was not established.
Since the circuit court's orders must be reversed for the above reasons, we need not consider respondent's alternate contentions.
For all the foregoing reasons, the judgment of the circuit court of Edgar County is reversed and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
MILLS and McCULLOUGH, JJ., concur.