*In re* GABRIEL PRONGER, a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Elizabeth M. Green, Respondent-Appellant).

Fourth District   No. 4—85—0645

Opinion filed October 14, 1986.—Rehearing denied November 17, 1986.

Thomas A. Bruno, of Urbana, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Michael Blazicek, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Respondent appeals an order of the circuit court of Champaign County finding her an unfit parent (Ill. Rev. Stat. 1985, ch. 40, pars. 1501(D)(m), (D)(p)) and terminating her parental rights (Ill. Rev. Stat. 1985, ch. 37, par. 705—9(2)). Respondent argues, first, that the trial court's orders were void because it lacked personal jurisdiction over the minor at all periods during the cause of action and, second, that the trial court's findings were against the manifest weight of the evidence.

Only a short review of some of the proceedings in this cause is necessary for our disposition. The first petition with respect to the child was filed on April 21, 1983. Between that time and May 21, 1985, there were some 15 different hearings with respect to the minor child and his best interests and welfare. A supplemental petition alleging that the mother and father of the minor child were unfit was filed on May 21, 1985. That petition alleged that on December 1, 1983, the cir-

cuit court of Champaign County entered an order finding the minor to be dependent and neglected and on February 23, 1984, entered a dispositional order naming the guardianship administrator of the Department of Children and Family Services as permanent guardian. The balance of the May 21, 1985, supplemental petition contains counts alleging unfitness on the part of the mother and father of the child. The child was properly served with summons as to the supplemental petition, and the mother and father were properly before the court. An order terminating parental rights and continuing the guardianship in the Department of Children and Family Services was entered on September 9, 1985. Respondent mother's appeal is from that order.

The respondent mother's first argument, asserting that the trial court's orders were void because it lacked personal jurisdiction over the minor at all periods during the cause of action, disposes of this case. The trial court did properly have jurisdiction of the minor child with respect to the supplemental petition filed May 21, 1985. However, the allegations of that petition were that the child had been previously declared a ward of the court by the court's order of December 1, 1983, and the dispositional order of February 23, 1984. The common law record in this case, consisting of almost 900 pages, has been searched with respect to service of summons on the child with respect to any matter which occurred prior to the May 21, 1985, supplemental petition being filed. The record does not show that the child was served with any summons with respect to the original petition filed April 21, 1983, or any of the subsequent petitions filed from that date to May 21, 1985. Specifically, the child had not been served with any summons with respect to the December 1, 1983, hearing, nor the February 23, 1984, dispositional hearing. This court, in *In re Crouch* (1985), 131 Ill. App. 3d 694, 476 N.E.2d 69, has stated that without service of summons upon the child any orders by the trial court are void.

Any petition to terminate parental rights as in this case requires that the child be adjudged a ward of the court either at that hearing or a prior hearing. This was not done, and the argument of the respondent mother is well taken. Because of the failure of service of summons as to the child with respect to the petition for adjudication and disposition, this cause should be reversed and remanded to the trial court.

For the above reasons, we reverse the trial court.

Reversed and remanded.

MORTHLAND and SPITZ, JJ., concur.