*In re* K.C., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. K.C., Respondent-Appellant).

Fourth District   No. 4—86—0721

Opinion filed April 2, 1987.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Kenneth R. Baumgarten, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

In this case, we again confront the technical problems resulting from the failure to obtain service against a minor respondent and his custodial parent to a delinquency petition filed in a proceeding under the Juvenile Court Act (Act) (Ill. Rev. Stat. 1985, ch. 37, par. 701—1 et seq.). This court has addressed this problem in In re Day (1985), 138 Ill. App. 3d 783, 486 N.E.2d 307, therein applying the ancient precedent of Bonnell v. Holt (1878), 89 Ill. 71.

The respondent minor appeals from the finding of delinquency and commitment, arguing that all orders relating to the finding that he was a delinquent minor are void due to the failure of the prosecutor to give notice to the minor or his mother when the original delinquency petition was filed. We agree.

Here, the original petition alleging respondent to be a delinquent minor was filed on February 25, 1985, when K.C. was 14 years old. On April 1, 1985, the record shows that the respondent minor appeared personally and by counsel. Respondent's mother appeared and there was proof of service by publication on the respondent's father. The record contains no showing of service of summons on respondent minor or his mother. The court entered a written finding based on the respondent's written stipulation to the allegations of the petition. Thereafter, on May 21, 1985, after dispositional hearing, the court adjudicated respondent a delinquent minor and made him a ward of the court, placing him on probation for a period of 18 months. On June 3, 1985, petition to revoke K.C.'s probation was filed. The record indicates that both K.C. and his mother were served by summons. The minor admitted the allegations of the peti-

tion, and on November 26, 1985, his probation was extended for a period of 12 months. On September 24, 1986, K.C. admitted to the allegations of a supplemental petition to revoke his probation. The record shows that K.C. was notified of the petition and hearing date by summons. At dispositional hearing, on October 21, 1986, the trial court found the minor's parents were unable to control him and it was in the best interest of the minor that he be committed to the Department of Corrections.

In *In re Crouch* (1985), 131 Ill. App. 3d 694, 476 N.E.2d 69, this court has stated that without service of summons on the child, any orders by the trial court are void. This principle was followed in *In re Pronger* (1986), 148 Ill. App. 3d 311, 499 N.E.2d 155, *appeal allowed* (1987), 113 Ill. 2d 575, and was distinguished in its application by this court's decision in *In re R.A.B.* (1986), 146 Ill. App. 3d 993, 497 N.E.2d 811 (wherein proper service was obtained against the minor respondent as to an original petition but not as to a supplemental petition). The State requests that this court reconsider its holding in *Crouch* where, as here, all necessary parties were at the hearing on the original petition, and all necessary parties were properly served in subsequent proceedings.

██ ▋ We conclude that the decision and rationale stated in *In re Day* are dispositive of the issue in this case:

"Respondents rely principally on the recent decision of this court in *In re Crouch* (1985), 131 Ill. App. 3d 694, 476 N.E.2d 69, *appeal denied* (1985), 106 Ill. 2d 554, for the proposition that failure to notify a known respondent in a juvenile proceeding results in the failure to properly invoke the circuit court's jurisdiction and that all orders of the trial court are voidable. This argument is based on the three-judge plurality and four-judge majority decisions of the supreme court to that effect in *People v. R.D.S.* (1983), 94 Ill. 2d 77, 445 N.E.2d 293 (Goldenhersh, J., specially concurring), and *People v. R.S.* (1984), 104 Ill. 2d 1, 470 N.E.2d 297 (Goldenhersh, J., specially concurring), respectively. In *Crouch*, this court also observed that consistent with Justice Goldenhersh's special concurrences in both *R.D.S.* and *R.S.*, the orders entered by the circuit court in violation of the statutory provisions of the Juvenile Court Act requiring notice were erroneous and hence voidable for that reason alone." (138 Ill. App. 3d 783, 785, 486 N.E.2d 307, 308.)

We reaffirm our ruling in *In re Day*. It is still the rule of law in Illinois that an attorney has no authority to enter an appearance on be-

half of a minor unless the minor has been served with process. (See *Bonnell v. Holt* (1878), 89 Ill. 71, and cases cited therein; *In re Crouch* (1985), 131 Ill. App. 3d 694, 476 N.E.2d 69.) The original order was void as to the minor, and orders predicated upon it in the same proceeding must, of necessity, be subject to the same taint.

Notice provisions of the Act provide, in pertinent part, as follows:

"(1) When a petition is filed, the clerk of the court shall issue a summons with a copy of the petition attached. The summons shall be directed to the minor and to each person named as a respondent in the petition.
   ***

(3) The summons shall be issued under the seal of the court, attested in and signed with the name of the clerk of the court, dated on the day it is issued, and shall require each respondent to appear and answer the petition on the date set for the adjudicatory hearing.

(4) The summons may be served by any county sheriff, coroner or probation officer, even though the officer is the petitioner. *The return of the summons with endorsement of service by the officer is sufficient proof thereof.*

(5) Service of a summons and petition shall be made by [requirements for leaving a copy and mailing a copy] ***. *The certificate of the officer or affidavit of the person that he has sent the copy pursuant to this Section is sufficient proof of service.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 37, pars. 704—3(1), (3), (4), (5).)

This provision is mandatory.

For the foregoing reasons, the judgment of the circuit court of Champaign County is reversed.

Reversed.

GREEN and McCULLOUGH, JJ., concur.