160 Ill. App.3d 548 (1987)
514 N.E.2d 192
In re R.R.S., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
R.R.S., Respondent-Appellant).
No. 4-86-0711.
Illinois Appellate Court  Fourth District.
Opinion filed September 17, 1987.
*549 Daniel D. Yuhas and Timothy M. Gabrielsen, both of State Appellate Defender's Office, of Springfield, for appellant.
Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.
Reversed and remanded.
JUSTICE GREEN delivered the opinion of the court:
The respondent minor, R.R.S., age 14, was adjudicated a delinquent based on a petition filed on April 25, 1985, alleging the offense of murder (Ill. Rev. Stat. 1985, ch. 38, par. 9-1), and was committed to the Department of Corrections, Juvenile Division. The respondent minor appeals, arguing (1) the circuit court lacked jurisdiction over his person since he was not served with summons prior to the adjudicatory hearing, thereby rendering the orders appealed from void; (2) he was not proved guilty beyond a reasonable doubt; and (3) the trial court abused its discretion in committing him to the Department of Corrections, Juvenile Division.
Here, we are again faced with the issue of whether the circuit court had personal jurisdiction over the person of a respondent minor given the failure to comply with the summons and notice requirements of section 4-3 of the Juvenile Court Act (Act) (Ill. Rev. Stat. 1985, ch. 37, par. 704-3).
The State argues this case is distinguishable from such prior decisions of this court as In re Crouch (1985), 131 Ill. App.3d 694, 476 N.E.2d 69, In re Day (1985), 138 Ill. App.3d 783, 486 N.E.2d 307, and In re Pronger (1986), 148 Ill. App.3d 311, 499 N.E.2d 155, appeal allowed (1987), 113 Ill.2d 575. Here, the respondent minor, at age 14, had actual notice and knowledge of the proceedings. This case differs from those since (1) the age of the respondent minors was less (in Crouch, a one-year-old and a two-year-old; and in Day, a 23-day-old newborn), or was not mentioned in the opinion (Pronger); and (2) the minors were not shown to have been physically in court. To that extent, the State and the circuit court are correct that this is a case of first impression.
The delinquency petition alleged R.R.S. shot Eric Sumila on April 24, 1986, with intent to do great bodily harm and, in the alternative, R.R.S. knew the act of shooting Sumila created a strong probability of *550 death or great bodily harm. On April 25, 1986, the case was called for a detention hearing pursuant to section 3-6 of the Juvenile Court Act (Ill. Rev. Stat. 1985, ch. 37, par. 703-6). At this hearing, the respondent minor R.R.S. was present and was represented by counsel, and R.R.S.'s natural mother (his sole surviving parent) was present. The minor's counsel acknowledged receipt of a copy of the petition, and the court read the petition and its allegations and admonished the respondent minor.
Thereafter, the State moved unsuccessfully to prosecute R.R.S. as an adult (Ill. Rev. Stat. 1985, ch. 37, par. 702-7). The minor's motion to suppress evidence of statements made by him prior to, at the time of, or subsequent to his arrest was denied, as was the minor's motion for jury trial. The cause proceeded to an adjudicatory hearing and evidence was presented on May 19, 20, 21, and 22, 1986. At the conclusion of the evidence, the trial judge found the State had met its burden of proof beyond a reasonable doubt on the charge of murder, entered a finding of delinquency under section 2-2 of the Act (Ill. Rev. Stat. 1985, ch. 37, par. 702-2), adjudicated the minor a delinquent, and ordered a social investigation and dispositional report. Neither R.R.S. nor his mother had yet been served with summons as required under section 4-3 of the Act.
After the adjudication, summonses were issued on June 3, 1986, to R.R.S. and his mother directing them to appear and answer the petition in the case on June 18, 1986, even though the adjudicatory hearing had been held and ended on May 22, 1986. The summonses were filed with the circuit clerk on June 9, 1986, showing service of the summons on R.R.S. and on his mother on June 5, 1986.
On June 9, 1986, the respondent minor's motion for judgment of nondelinquency or, alternatively, for a new adjudicatory hearing was filed, alleging various errors, including denial of a motion to suppress evidence and admission of the evidence, and the State's failure to prove him guilty beyond a reasonable doubt of the offense alleged in the petition. This motion was denied on June 12, 1986.
On June 18, 1986  the date indicated on summonses sent to respondent minor and his mother  the cause was called for dispositional hearing, and was continued on respondent minor's motion.
On June 25, 1986, respondent minor presented the court with a motion for a new hearing, including among its allegations (1) the discovery of new evidence which might lend credibility to the minor's self-defense theory (a knife which, when tested, might show Sumila's fingerprints), and (2) recent disclosure of information by respondent minor to counsel on prior incidents between himself and Sumila. The *551 court continued the case to permit the minor an opportunity for further hearing on matters raised by this motion.
On July 23, 1986, a motion to dismiss was filed on behalf of R.R.S. based on failure to serve summonses on the respondent minor, his mother, or attorney until June 3, 1986. The circuit court heard argument on this motion on July 31, 1986, and permitted the parties to file written authorities. After further argument on August 19, 1986, the trial judge denied the motion to dismiss and set the cause for hearing on the minor respondent's motion for a new hearing.
After hearing evidence and argument, the motion for new hearing was denied on September 24, 1986. After a dispositional hearing the following day, the trial judge made the requisite findings and committed respondent minor to the Department of Corrections, Juvenile Division. This appeal followed.
The State argues (1) respondent minor and his mother were given or served copies of the delinquency petition prior to the detention hearing held on April 25, 1987; (2) at that hearing, held the day after respondent minor's arrest, the petition was read to the respondent minor and his mother in open court, and the respondent minor was fully admonished of his rights and given notice of the time and date of the next hearing; (3) respondent minor was again given a copy of the petition and admonished of his rights on May 7, 1986, and entered a denial of the petition at that time; and (4) respondent minor first challenged the jurisdiction of the circuit court based on the lack of summons in a motion to dismiss on July 23, 1986. Based on the fact that the minor had been present in court as shown with counsel, the State maintains the trial court properly found it had jurisdiction over the respondent minor.
The State relies on the general rule that when a party appears generally and does not enter a special appearance he has voluntarily submitted to the jurisdiction of the court and the court has jurisdiction when it thereafter enters orders. In re J.W. (1981), 87 Ill.2d 56, 62, 429 N.E.2d 501, 504 (mother had actual notice of charges against her son and appeared in court and participated actively in proceedings without objection, thereby waiving formal service of process and submitting to jurisdiction of court); In re J.A. (1986), 145 Ill. App.3d 816, 818-19, 495 N.E.2d 1340, 1342 (on appeal from adjudicatory order terminating her parental rights, respondent mother challenged jurisdiction of circuit court because first supplemental petition failed to name children's legal guardian (the DCFS guardian administrator) as a party respondent and failed to serve him with summons; the Third District held by appearance at court proceedings, recognition by trial court, *552 and participation in court proceedings, children's legal guardian through DCFS representatives submitted himself to jurisdiction of court, since records showed DCFS had actual notice and actually appeared and participated in every hearing involving petition to terminate mother's parental rights); Community Bank & Trust Co. v. Pavlich (1980), 84 Ill. App.3d 1080, 406 N.E.2d 164 (and cases cited therein).
The State also relies on People v. Estep (1955), 6 Ill.2d 127, 128, 126 N.E.2d 637, 638, wherein defendants appealed from judgments of the criminal court entered on writs of scire facias after forfeiture of their supersedeas bonds. The defendants in Estep challenged the constitutionality of a provision of the criminal code providing for personal judgment without service of process (Ill. Rev. Stat. 1953, ch. 38, par. 625) as being in violation of due process of law. The Estep court found the defendants could not complain of the statute's constitutionality since they voluntarily appeared (by counsel) for purposes other than to object to the jurisdiction of the court and thereby waived any requirement of process.
The State argues this general rule should apply here since the 14-year-old respondent minor personally appeared and participated fully in all proceedings. The cases cited by the State in support of applying the general rule differ from this case, since those persons were not under a disability. But see In re R.A.B. (1986), 146 Ill. App.3d 993, 995, 497 N.E.2d 811, 812 (holding failure to obtain service on minor as to supplemental petition did not deprive the court of personal jurisdiction over minor on facts of case, wherein service on minor pursuant to original petition vested circuit court with jurisdiction of the person of the minor to adjudicate question of his delinquency).
 1 As the respondent minor correctly points out, our prior determination in Day, relying on the precedent of Bonnell v. Holt (1878), 89 Ill. 71 (and cases cited therein), requires us to hold that in a juvenile delinquency proceeding a minor cannot enter his appearance, and personal jurisdiction of the minor can only be obtained by service of process as delineated by section 4-3 of the Act. As stated in Crouch, section 4-3(1) of the Act mandates a summons, with a copy of the petition attached, shall be directed to the minor, and the issuance of summons is mandatory "regardless of the age of the minor." (In re Crouch (1985), 131 Ill. App.3d 694, 697, 476 N.E.2d 69, 72.) The age of the minor does not cease to be a disability with respect to this rule until he achieves the age of majority.
 2 We reaffirm that appearance of counsel for a respondent minor does not waive the mandatory statutory provisions, which are specific *553 as to the method of notice required. Day involved the failure to serve summons upon a 23-day-old newborn, where the child had been appointed a guardian at the inception of the proceedings who received actual notice of all pleadings and hearings and ably represented the child's interests. The respondent minors in Crouch were a two-year-old and a one-year-old, and the circuit court had appointed a guardian ad litem for them. It would make little sense to hold the service of process requirements specified under the Act should apply to respondent minors whose participation in proceedings would still be limited by virtue of infancy or physical condition, but do not apply to respondents under the age of majority who are deemed "old enough" or "capable enough" to comprehend proceedings under the Act to which they are physically brought while being held in detention by the State.
Personal jurisdiction over a minor under the Act may not be gained by merely bringing a respondent minor into the physical presence of the court, as here where the respondent minor was brought in for a detention hearing on a petition alleging a serious charge. If the fact that the minor here was 14 years of age were to be looked upon as a factor to let him validly enter his appearance, we would be faced with creating a dividing line. If lack of service could be saved by various appearances of counsel and copies of complaints, courts would also have to deal with the lack of a bright-line standard on the important question of personal jurisdiction.
 3 As stated in Day, the wisdom of the statutory provisions of the Act in regard to service of summons is a matter for the legislature, not the courts. In this case, the issuance of summonses to the respondent minor and his mother in June 1986, after the adjudicatory hearing, did not afford the circuit court personal jurisdiction over the minor retroactively so as to support the earlier order adjudicating R.R.S. a delinquent minor. Rather, we must conclude the circuit court's orders here were void as to the respondent minor.
Because of our resolution of this issue, we decline to address the other issues raised on appeal, except as follows. Since we conclude the court did not have jurisdiction, we need not determine the sufficiency of the proof because even an acquittal under circumstances where the court lacked personal jurisdiction of the defendant would not prevent retrial. See Paulsen v. People (1902), 195 Ill. 507, 514, 63 N.E. 144, 146; see also Ill. Rev. Stat. 1985, ch. 38, par. 3-4.
Reversed and remanded.
SPITZ, P.J., and McCULLOUGH, J., concur.