THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. D.J., a Minor, Respondent-Appellant.

First District (3rd Division)   No. 86—2870

Opinion filed September 28, 1988.

Randolph N. Stone, Public Defender, of Chicago (Paul D. Bellendir and Richard Cunningham, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Kenneth McCurry and Lynda A. Peters, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

Respondent, D.J., a minor, appeals from his adjudication as a delinquent and subsequent commitment to the Department of Corrections. On appeal, respondent contends that the failure to serve summons and notice on him and on his father in accordance with section 4—3 of the Juvenile Court Act (Ill. Rev. Stat. 1985, ch. 37, par. 704—3(1)) deprived the trial court of jurisdiction and thus all its orders are void.

In May 1985, respondent was charged with battery and appeared in the juvenile division of the circuit court. An assistant public defender was appointed to represent respondent and entered a denial. Respondent was a ward of the Department of Children and Family Services (DCFS) at the time. Respondent's parents were not present at the initial proceeding. The summons issued by the court on the petition named respondent's mother and father as respondent parties and listed addresses for both parents. The mother received service, but the father and respondent never received service of summons.

On August 7, 1985, respondent entered an admission and was adjudicated a delinquent. On December 5, 1985, the court released respondent to the custody of his mother. On March 12, 1986, the court placed respondent on one year's probation.

On June 11, 1986, a petition for supplemental relief was filed. Re-

spondent's probation officer testified that respondent was uncontrollable and recommended that he be placed in custody. On June 25, 1986, respondent entered an admission on the charge of violation of probation. On July 30, 1986, with respondent's father present for the first time, the court committed respondent to the Department of Corrections.

On appeal, respondent contends that the trial court lacked jurisdiction due to the fact that neither he nor his father received service of summons.

■■ The basic requirements of due process and fairness must be satisfied in juvenile court proceedings. (*In re Gault* (1967), 387 U.S. 1, 18 L. Ed. 2d 527, 87 S. Ct. 1428.) To fulfill this requirement, the Juvenile Court Act of 1987 requires that a petition or supplemental petition for delinquency set forth the name, age and residence of the minor, the names and residences of his parents, and the name and residence of his legal guardian or the persons having custody or control of the minor. (Ill. Rev. Stat. 1987, ch. 37, par. 802—13.) At the time the summons in the present case was issued, the Act required that when a petition was filed, the clerk was to issue a summons with a copy of the petition attached, directed to the minor and to each person named as a respondent in the petition. (Ill. Rev. Stat. 1985, ch. 37, par. 704—3(1).) Effective January 12, 1987, the legislature amended the statute to require the summons to be directed to the minor's legal guardian or custodian and to each person named as a respondent in the petition. (Ill. Rev. Stat. 1987, ch. 37, par. 802—15.) Subsequently, the statute was amended again, effective January 1, 1988, and now reads:

"Sec. 4—3. *** The summons shall be directed to the minor's legal guardian or custodian and to each person named as a respondent in the petition, except that summons need not be directed to a minor respondent under 8 years of age for whom the court appoints a guardian ad litem if the guardian ad litem appears on behalf of the minor in any proceeding under this Act." (Pub. Act 85—720, eff. Jan. 1, 1988.)

Our supreme court held the 1987 amendment to the statute to be retroactive. *In re Pronger* (1987), 118 Ill. 2d 512, 517 N.E.2d 1076.

Respondent contends on appeal that failure to serve him with notice and summons in this case failed to properly invoke the court's jurisdiction. Respondent, relying on *In re K.C.* (1987), 154 Ill. App. 3d 158, 506 N.E.2d 724, further maintains that a minor cannot enter his or her appearance and jurisdiction can only be obtained by service of process.

■ Significant to this appeal, *In re K.C.* was recently reversed by our supreme court. (*In re K.C.* (1988), 118 Ill. 2d 544, 518 N.E.2d 623 (supervisory order).) Therefore, where a minor, or any named respondent, appears before the court and participates in the proceedings, he waives the formality of service of process and voluntarily submits to the jurisdiction of the court. (See *In re R.R.S.* (1987), 160 Ill. App. 3d 548, 514 N.E.2d 192, *rev'd* (1988), 118 Ill. 2d 544, 521 N.E.2d 864 (supervisory order); *People v. Land* (1988), 169 Ill. App. 3d 342, 523 N.E.2d 711.) In the present case, respondent appeared and participated fully in the proceedings and therefore waived any challenge to the court's jurisdiction.

■ Respondent also contends that the trial court lacked jurisdiction for failure to serve notice and summons on the father. Section 2—13 of the Act requires that a petition set forth the names and residences of the minor's parents (Ill. Rev. Stat. 1987, ch. 37, par. 802—13), and section 2—15 requires that the summons be directed to each person named as a respondent in the petition (Ill. Rev. Stat. 1987, ch. 37, par. 802—15 (amended by Pub. Act 85—720, eff. Jan. 1, 1988)). Service can be obtained personally, by abode service and, in limited circumstances, by certified mail or publication. (Ill. Rev. Stat. 1987, ch. 37, pars. 802—15, 802—16.) The notice requirement was not excused because respondent's legal guardian waived service and appeared at every stage of the proceedings.

■ In *People v. R.S.* (1984), 104 Ill. 2d 1, 470 N.E.2d 297, the court held that failure to give notice to a noncustodial mother whose name and address were known to the State invalidated orders adjudicating delinquency, making the minor a ward of the court, and committing him to the Department of Corrections. The State did not invoke the jurisdiction of the court and the order of adjudication and all subsequent orders were void. The court held that failure to comply with these notice provisions constituted a violation of the right of the parent and the child to due process. See also *In re T.M.F.* (1987), 155 Ill. App. 3d 1026, 508 N.E.2d 1160 (failure to serve mother whose whereabouts were known); *People v. R.D.S.* (1983), 94 Ill. 2d 77, 445 N.E.2d 293 (a pleading that does not name and notify a necessary respondent in a juvenile proceeding fails to invoke the jurisdiction of the court and thereby renders its orders void).

■ The present case mirrors the facts of *People v. R.S.* The summons issued by the court on the petition named respondent's father as a respondent party and provided an address for him. The father, however, never was served with summons and did not participate in the proceedings. We do not believe that the appearance of the father

at the July 30, 1986, dispositional hearing on the supplemental petition retroactively met the State's statutory duty to notify respondent's father of the initial petition and proceedings. Therefore, we believe that the due process rights of the father and respondent were violated and failure to serve the father with notice and summons failed to invoke the jurisdiction of the court.

Accordingly, the judgment of the circuit court of Cook County is reversed and the cause is remanded for proceedings consistent with the holdings of this opinion.

Judgment reversed and remanded.

RIZZI and FREEMAN, JJ., concur.