*In re* J.L.S., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. J.L.S., Respondent-Appellant).

Third District   No. 3—88—0746

Opinion filed September 22, 1989.

Jospeh N. Ehmann, of State Appellate Defender's Office, of Ottawa, for appellant.

Joseph Navarro, State's Attorney, of Ottawa (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

The respondent minor, J.L.S., appeals from the trial court's order committing him to the Department of Corrections, Juvenile Division, for an indeterminate term. We affirm.

The record shows that in an earlier cause not directly related to the instant case, the La Salle County probation office and Vernon Johnson of that office were appointed the legal guardian of J.L.S. On October 12, 1988, a petition for adjudication of wardship was filed. The petition alleged that J.L.S. had committed two counts of theft, one count of burglary, and one count of criminal trespass to vehicles (Ill. Rev. Stat. 1987, ch. 38, pars. 16—1(a)(1), 19—1(a), 21—2). The petition named J.L.S.' mother and father as respondents, but omitted

naming Johnson or the probation office as the legal guardian. However, Ginger Martinovich, a juvenile probation officer with the La Salle County probation office, was notified of the adjudicatory hearing. J.L.S. and his parents were served notice by officer's summons. No notice was sent to Vernon Johnson.

An adjudicatory hearing was held on October 25, 1988. J.L.S. was present and represented by his guardian *ad litem*, the public defender. J.L.S.' parents were not present, but Martinovich stated that she had spoken with the father at the courthouse earlier in the day and noted that he had left the building. Following admonishments, the trial court accepted J.L.S.' plea of guilty to the burglary charge and to one count of theft. By agreement, the other charges were dismissed.

On November 15, 1988, J.L.S., his parents, and Martinovich appeared at the dispositional hearing. At the conclusion of the hearing, the trial court committed J.L.S. to the Department of Corrections, Juvenile Division, for an indeterminate term.

On appeal, J.L.S. contends that the failure to properly name and notify his legal guardian renders the court order committing him to the Department of Corrections void, because the trial court lacked jurisdiction over the cause.

■ Section 2—13 of the Juvenile Court Act of 1987 (Ill. Rev. Stat. 1987, ch. 37, par. 802—13) requires that a petition set forth the names and residences of the minor's parents and the name and residence of either the legal guardian or the person having custody or control of the minor. Section 2—15 requires that summons be directed to the minor's legal guardian or custodian, and to each person named as a respondent in the petition. (Ill. Rev. Stat. 1987, ch. 37, par. 802—15.) A pleading that does not name and notify a necessary respondent in a juvenile proceeding fails to invoke the jurisdiction of the court and thereby renders its orders void. (*People v. R.D.S.* (1983), 94 Ill. 2d 77, 445 N.E.2d 293.) However, when a party appears before the court, although not formally served, and participates in the proceedings, he waives the formality of service of process and voluntarily submits to the jurisdiction of the court. *People v. D.J.* (1988), 175 Ill. App. 3d 491, 529 N.E.2d 1048.

In *In re J.A.* (1986), 145 Ill. App. 3d 816, 495 N.E.2d 1340, this court held that when a representative of the Department of Children and Family Services (DCFS), which was the minor's legal guardian, appeared and participated in the trial court proceedings, the legal guardian submitted, through the appearance of the DCFS representative, to the jurisdiction of the court. We find *In re J.A.* dispositive of

the issue presented in this case and find J.L.S.' arguments distinguishing *In re J.A.* unpersuasive.

In the instant case, the record shows that Ginger Martinovich was given actual notice of all the proceedings involving J.L.S. and was present at each of the hearings in the case. The trial court noted the presence of Martinovich as a juvenile probation officer. Thus, the La Salle County probation office and Vernon Johnson submitted, through the appearance of Martinovich, to the jurisdiction of the court. No useful purpose would be served by holding that further notice was required in this case. The trial court was therefore properly vested with jurisdiction over the necessary parties and its subsequent order was valid.

The judgment of the circuit court of La Salle County is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.