*In re* PHILLIP DAY, a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Marshall Eugene Day, Respondent-Appellant).—*In re* PHILLIP DAY, a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Theresa Bragg, Respondent-Appellant).

Fourth District   Nos. 4—85—0145, 4—85—0146 cons.

Opinion filed November 19, 1985.

Thomas A. Bruno, of Urbana, for appellant Theresa Bragg.

Robert G. Kirchner, of Greaves, Lerner & Kirchner, of Champaign, for appellant Marshall Eugene Day.

Thomas J. Difanis, State's Attorney, of Urbana (David Krchak, Assistant State's Attorney, of counsel), for the People.

Harvey C. Welch, of Urbana, guardian *ad litem.*

JUSTICE WEBBER delivered the opinion of the court:

By means of original and supplemental petitions, respondents, the natural parents of the 23-day-old newborn minor, were charged with child neglect and abuse. The State sought termination of their parental rights.

At the adjudicatory hearing the trial court was presented with evidence that the newborn infant suffered from a severe fracture to the right femur with additional fractures of the infant's right tibia, right humerus and right wrist. In addition, the infant exhibited bruises on his buttocks. The substance of the expert testimony presented indicated that these injuries were consistent with some sort of major trauma or some kind of twisting, fairly violent injury indicative of the "battered child syndrome."

Statements made by the natural mother to a Department of Children and Family Services Child Protective Services worker were admitted over objection to the effect that the child may have suffered these injuries accidentally under a variety of circumstances over the course of several weeks and that the mother was unaware of their existence or severity.

At the conclusion of the adjudicatory hearing, the trial court found the child to be abused upon the statutory basis that the parents created a substantial risk of physical injury to the minor by other than accidental means and that these acts would be likely to cause the impairment of the bodily functions of the minor and the minor's environment was injurious to his welfare under sections 2—4(2)(a)(ii) and (2)(b) of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, pars. 702—4(2)(a)(ii), (2)(b)). The court made the further finding that these injuries resulted from actual physical abuse by the natural parents under section 4—8(2) of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch.

37, par. 704—8(2)).

Following the dispositional hearing, the parental rights of the respondents as to the minor infant were terminated pursuant to sections 1(D)(b), (g) of "An Act in relation to the adoption of persons, and to repeal an act therein named" (Ill. Rev. Stat. 1983, ch. 40, pars. 1501(D)(b), (g)). Upon termination the guardian was given authorization to consent to the adoption of the minor child.

The respondent parents have filed separate notices of appeal from the court's determination that they are unfit. The cases have been consolidated in this court. On appeal the parents contend that the court below lacked jurisdiction over the minor child because the newborn was not served with summons, or notice, of these proceedings. The parents also challenge the court's finding that they are unfit.

Respondents rely principally on the recent decision of this court in *In re Crouch* (1985), 131 Ill. App. 3d 694, 476 N.E.2d 69, *appeal denied* (1985), 106 Ill. 2d 554, for the proposition that failure to notify a known respondent in a juvenile proceeding results in the failure to properly invoke the circuit court's jurisdiction and that all orders of the trial court are voidable. This argument is based on the three-judge plurality and four-judge majority decisions of the supreme court to that effect in *People v. R.D.S.* (1983), 94 Ill. 2d 77, 445 N.E.2d 293 (Goldenhersh, J., specially concurring), and *People v. R.S.* (1984), 104 Ill. 2d 1, 470 N.E.2d 297 (Goldenhersh, J., specially concurring), respectively. In *Crouch,* this court also observed that consistent with Justice Goldenhersh's special concurrences in both *R.D.S.* and *R.S.,* the orders entered by the circuit court in violation of the statutory provisions of the Juvenile Court Act requiring notice were erroneous and hence voidable for that reason alone.

■ In this case, it is undisputed that the newborn child was not served with any summons or notice of the proceedings. The State further concedes that the Juvenile Court Act procedural provisions must be equivalent to that constitutionally required in criminal or civil cases and that they apply equally to delinquency matters and abuse/neglect cases. Specifically, section 4—3(1) of the Juvenile Court Act mandates that a summons, with a copy of the petition attached, shall be directed to the minor and each person named as a respondent in the petition pursuant to section 4—1 of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, pars. 704—3(1), 704—1).

We have examined with extreme care the arguments of the State that the failure to notify the minor child did not violate any right of due process which he might have had or that any error was harmless, and that service of summons upon a 23-day-old newborn is a meaning-

less act given the child's infancy; especially since the child had been appointed a guardian at the inception of the proceedings below who received actual notice of all pleadings and hearings and ably represented the child's interests.

We conclude, however, that these arguments were raised and specifically rejected in our prior opinion in *Crouch*. Although we are not unmindful of the concerns raised by the State, we believe we are bound by prior precedent of the supreme court in this matter and necessarily decline to overrule our prior decision in *Crouch*.

The State raises one additional factual distinction not present in *Crouch*. The State argues that the jurisdictional claim has been waived because the respondents failed to bring it to the attention of the trial court below. Citing *In re J.W.* (1981), 87 Ill. 2d 56, 429 N.E.2d 501, the State argues that formal service of process may be waived if a respondent to the proceedings submits to the jurisdiction of the court. In *J.W.* one of the issues presented to the court was the lack of service of process on the respondent's mother. Despite the failure to serve the mother, she appeared at both the detention and adjudicatory hearings and testified as a witness for her son. No one at any time objected to the failure to properly serve the mother. By her appearance at the court proceedings the supreme court concluded that the mother had submitted to the jurisdiction of the trial court and thereby waived formal service of process. It might also be noted that under the facts of *J.W.*, decided prior to either *R.D.S.* or *R.S.*, the mother died after the adjudicatory hearing.

We conclude that *J.W.* is distinguishable. By her appearance in that case she submitted herself to the jurisdiction of the court as would any other party to civil litigation who entered a general appearance despite faulty service. Significant too is the fact that in *J.W.* the mother participated in all proceedings prior to her death. In *R.D.S.*, *R.S.*, and *Crouch* the individual who was not served either did not appear at all or appeared only after an adjudicatory hearing took place; well after significant rights of the parties had been litigated in the absence of a necessary respondent.

Here, there was certainly no participation in the trial proceedings by the minor, admittedly because of his infancy and physical condition. And despite the guardian's appointment, the rule of law in Illinois remains that a guardian has no authority to enter an appearance on behalf of an infant defendant unless the minor has been served with process. See *Bonnell v. Holt* (1878), 89 Ill. 71, and cases cited therein.

The State also argues that the judgments are not void.

Rather, the people adopt the reasoning of Justice Goldenhersh's special concurrences previously cited and state that "the lack of statutory notice to the minor *may* result in a determination that the orders were erroneously entered."

Assuming, *arguendo*, that the judgments below are not void for lack of subject matter jurisdiction but merely erroneous or voidable as lacking in personal jurisdiction, the result is nevertheless plain. A voidable judgment, although not subject to collateral attack, may be challenged by direct appeal. This is precisely what the respondents have done in this case. Acceptance of the State's theory still requires that the judgment be reversed. See *People v. R.D.S.* (1983), 94 Ill. 2d 77, 83, 445 N.E.2d 293, 296 (Goldenhersh, J., specially concurring), and *People v. R.S.* (1984), 104 Ill. 2d 1, 7, 470 N.E.2d 297, 300 (Goldenhersh, J., specially concurring).

We note first that waiver was not adjudicated in either *R.D.S.* or *R.S.* However, it was the basis of a recent opinion of the supreme court in *In re J.P.J.* (1985), 109 Ill. 2d 129. That case concerned service on noncustodial parent, the court saying:

> "[W]e conclude that unless some question is raised in the circuit court regarding the failure to identify or locate a noncustodial parent whose identity or address is not known to the State at the outset of the proceedings, the matter is waived and diligence may be assumed." (109 Ill. 2d 129, 137.)

It follows that the supreme court has not yet spoken on the subject of lack of service on the minor, and we adhere to our decision in *Crouch*.

The order was void as to the minor. The question then remains as to what its effect is upon the parents, the petitioners in the instant case. We conclude that it was voidable as to them. The adjudication of neglect and abuse was a necessary predicate for the termination of their parental rights. If that order was voidable, orders predicated upon it in the same proceeding must of necessity be subject to the same taint.

The wisdom of the statutory provision of the Juvenile Court Act requiring actual notice to each minor respondent may well be subject to question especially where, as here, the requirement is an absurdity. Yet this provision is mandatory and it is for the legislature, not the court, to provide an alternate means of service for a minor child when actual service is either impractical, unrealistic, or meaningless. Accordingly, we must conclude that the circuit court's orders here were void as to the minor and voidable to the parents for the reasons set forth above. Since the circuit court's orders must be reversed for this reason, we need not consider respondents' alternate contention that

the evidence of abuse was not established by clear and convincing evidence, although the record speaks loudly to the contrary.

For the foregoing reasons, the judgment of the circuit court of Champaign County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

GREEN, P.J., and McCULLOUGH, J., concur.