*In re* J.A. *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. Earlene Thompson, Respondent-Appellant).

Third District   No. 3—85—0689.

Opinion filed June 16, 1986.

William C. Davis, Jr., of Lewiston, for appellant.

Joan Scott, State's Attorney, of Lewistown (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

Earlene Thompson, respondent, appeals from an adjudicatory order terminating her parental rights to her two daughters, J.A. (born in 1978) and S.T. (born in 1981), and from a dispositional order awarding guardianship to the Department of Children and Family Services with power to consent to adoption.

In July of 1984, a juvenile petition was filed to obtain temporary custody of the two little girls. At the hearing, the evidence indicated that the mother had given a statement to the police describing how her boyfriend had engaged in numerous sexual activities with the girls in the mother's presence. The court awarded temporary custody to Gary T. Morgan, guardianship administrator of DCFS.

At the same time another juvenile petition was filed alleging that the two girls were abused minors and setting out in four counts specific instances when acts of criminal sexual assault were committed upon the girls in violation of section 12—14(b)(1) of the Criminal Code of 1961 (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—14(b)(1)). In September, an amended petition was filed, adding two counts which alleged that the mother submitted to acts of "lewd fondling" by the little girls. At the hearing on the amended petition, the boyfriend testified, describing the sexual activities that he and the mother engaged in with the two girls on more than one occasion. The trial court found all the allegations in favor of the State, found the children to be abused, and made the girls wards of the court.

In separate criminal proceedings, both the boyfriend and the mother were charged with sexual abuse of the two girls. The boyfriend admitted during his testimony at the juvenile hearing that he had entered into a negotiated guilty plea on the criminal charges in exchange for his promise to testify against the mother and for an agreed prison sentence. In January of 1985, after the juvenile hearing, the mother entered a negotiated guilty plea to indecent liberties with a child and was sentenced to four years in the Department of Corrections.

A few days after the mother's guilty plea, a first supplemental petition was filed seeking the termination of the parental rights of the mother and of the putative fathers of the two girls. Summons issued and were served upon the mother, the alleged fathers, and the two girls, but no service was made upon Gary T. Morgan, the DCFS

guardianship administrator who was the children's legal guardian. Subsequently, the father of J.A. signed a surrender and consent to adoption, and the alleged father of S.T. was dismissed from the case after blood tests established that he could not be her father.

At the adjudicatory hearing on the supplemental petition, the State presented evidence explaining the absence of a father for either girl and then asked the trial court to take judicial notice of the evidence and testimony heard in the adjudicatory hearing on the previous petition. The State also offered certified copies of three criminal cases wherein the mother had pleaded guilty to charges of disorderly conduct, indecent liberties with a child, and forgery. The mother testified in her own behalf. At the conclusion of the hearing, the trial court found by clear and convincing evidence that the mother was unfit and that her parental rights should be terminated. At a subsequent dispositional hearing, the court ruled that the best interests of the children required that guardianship be given to Gary T. Morgan of DCFS with the power to consent to adoption. The mother has appealed from those orders.

Initially, the mother challenges the jurisdiction of the circuit court of Fulton County because the first supplemental petition failed to name the children's legal guardian (Gary T. Morgan) as a party respondent and failed to serve him with summons. Section 4—1 of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 704—1) provides that a petition or supplemental petition shall set forth "the name and residence of [the minor's] legal guardian or the person or persons having custody or control of the minor." Section 4—3 of the Juvenile Court Act requires that each person named as a respondent must be served with a summons. (Ill. Rev. Stat. 1983, ch. 37, par. 704—3.) A divided supreme court has held that the failure of the State to name or notify the minor's legal guardian of the adjudicatory hearing results in the trial court's jurisdiction not being properly invoked so that subsequent orders are void. *People v. R.D.S.* (1983), 94 Ill. 2d 77, 445 N.E.2d 293.

The State argues that the DCFS guardian administrator submitted to the jurisdiction of the court without service of summons by the fact that representatives of DCFS appeared at every hearing, including the adjudicatory hearing on the first supplemental petition. Although the mother insists that the DCFS caseworkers were present as witnesses or spectators, not as representatives of the guardian, we find that representatives of DCFS were stated by the judge as present from DCFS and are listed in the reports of proceedings as persons making an appearance. Every notice of hearing filed by the

State indicates that a representative of DCFS was given actual notice. By appearance at the court proceedings, recognition by the trial court, and participation in the court proceedings, we conclude that the children's legal guardian, through DCFS representatives, submitted himself to the jurisdiction of the court. (*Cf. In re Day* (1985), 138 Ill. App. 3d 783, 486 N.E.2d 307.) To hold otherwise would require DCFS to comply with needless technical requirements of documented formal authorizations and entries of appearances in every case in which they are involved. Here the record shows that DCFS had actual notice and actually appeared and participated in every hearing involving the petition to terminate the mother's parental rights. No useful purpose would be served by holding that further notice was required in this case.

The mother next contends that the adjudicatory order finding the girls to be abused and making them wards of the court was *res judicata* as to all issues which were raised and which could have been raised. Since the State could have sought termination of the mother's parental rights at that time, she argues that the State is barred from seeking such termination later on the basis of the same factual circumstances as were the basis of the abuse petition. This argument is without merit. The State presented as additional evidence of unfitness the mother's conviction and sentence for sexual abuse of the two girls. As we have held previously in a similar case, the trial court may consider the evidence underlying the neglect petition cumulatively to evaluate whether, based on that and further evidence, the parents were unfit. *In re J.R.* (1985), 130 Ill. App. 3d 6, 473 N.E.2d 1009.

The mother further contends that the evidence that she was an unfit parent and that termination of her parental rights were in the best interest of the children was not "clear and convincing." She challenges the credibility of her boyfriend and argues that her criminal convictions standing alone do not support a finding of parental unfitness. She also points to her own testimony indicating that the children look forward to their monthly visits with her in prison. She fails to consider the evidence indicating that the girls do not want to visit her, that she actively participated in the repeated sexual abuse of these two small girls, that she did not try to stop her boyfriend from engaging in sexual acts with them, and that the oldest child is receiving counseling. Without detailing the depraved activities which occurred in the mother's presence and with her cooperation, we find that the evidence was clear and convincing that she was an unfit parent and that the best interests of the girls required a termination of the parental rights.

The orders and judgment of the trial court are affirmed.

Affirmed.

SCOTT, P.J., and WOMBACHER, J., concur.