WILLIAM McLEOD *et al.*, Plaintiffs-Appellants, v. JOHN LeROY HARMON *et al.*, Defendants-Appellees.

Third District  No. 3—86—0078

Opinion filed November 13, 1986.

Donald K. Birner, of Pekin, for appellants.

Rex K. Linder, of Heyl, Royster, Voelker & Allen, of Peoria, and Michael C. Turpen, Attorney General of Oklahoma, of Oklahoma City, Oklahoma (James B. Franks, Assistant Attorney General, of Oklahoma City, Oklahoma, and Kathy Bennett-Dean, of counsel), for appellees.

JUSTICE STOUDER delivered the opinion of the court:

Plaintiffs, William and Ruth McLeod, appeal from the judgment of the trial court dismissing their cause of action against defendants, the State of Oklahoma, the Oklahoma Department of Corrections, the John Crabtree Correctional Center at Helena, and Warden James Frazier, for lack of personal jurisdiction over the out-of-State defendants.

McLeod, a Tazewell County sheriff's deputy, brought this cause of action alleging defendant's negligence in the control and supervision of two State of Oklahoma inmates who escaped and assaulted McLeod while McLeod was on duty. The defendants filed a special appearance to quash service for lack of *in personam* jurisdiction. The trial court quashed service and dismissed the case, holding that the defendants did not have sufficient minimum contacts with the State of Illinois for the purpose of finding them subject to jurisdiction in this State. Because this appeal deals solely with the issue of jurisdiction, we will not address the merits of McLeod's claim regarding the liability of another State to an Illinois law-enforcement officer for injuries inflicted by one of their inmates escaping due to the State's alleged negligence.

McLeod contends that the Illinois courts have jurisdiction over these defendants on two bases. First, McLeod asserts that jurisdiction is obtained under section 2—209 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—209) in that the alleged negligence of the defendants and the accompanying assault by the inmates constitute the commission of a tortious act within the State. Second, McLeod contends that the Oklahoma defendants by enacting the Uniform Criminal Extradition Act (see Ill. Rev. Stat. 1985, ch. 60, par. 18 *et seq.*) and by utilizing the National Crime Information Center (NCIC), have purposefully availed themselves of the privileges and benefits of Illinois law and, thereby, have subjected themselves to jurisdiction in Illinois under due process jurisdictional standards.

■ Under the opinions of the Illinois Supreme Court, it is clear that when jurisdiction is alleged under the long-arm statute the first step is to determine if jurisdiction is permissible under the statute. If jurisdiction is found to be proper under the long-arm statute, then we reach the second step, which is to determine whether jurisdiction is

permissible under the due process clause. Clearly, if jurisdiction is not found to be proper under the long-arm statute, there is no need to determine whether jurisdiction is constitutionally permissible. (*R. W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, 489 N.E.2d 1360.) However, there is no mechanical test to resolve every question of jurisdiction, and each case must be resolved on its own particular facts and circumstances. The determination must be made according to what is fair and reasonable before the court. A key inquiry is whether the defendant, through its activity, voluntarily invoked the protection and benefits of the State of Illinois. *Mergenthaler Linotype Co. v. Leonard Storch Enterprises, Inc.* (1978), 66 Ill. App. 3d 789, 383 N.E.2d 1379.

■■ ■ The first step in our consideration is whether the conduct alleged constitutes the commission of a tortious act in Illinois as interpreted under section 2–209. The defendant's presence in Illinois is not necessary to establish the commission of a tortious act within the State. If conduct outside the State allegedly causes injury to an Illinois resident within the State, then jurisdiction under the long-arm statute may be obtained. (*Gray v. American Radiator & Standard Sanitary Corp.* (1961), 22 Ill. 2d 432, 176 N.E.2d 761.) If we assume that the independent criminal action of the escaped inmates was a foreseeable injury which was the end result of defendant's alleged negligence then, at least facially, a statutory basis for jurisdiction over the defendants exists. However, when we turn our attention to the second step of the inquiry, we determine that the due process requirements dictate that we deny jurisdiction in this instance.

■ The due process clause of the fourteenth amendment limits the power of a State court to render a valid judgment against a nonresident defendant. (*Kulko v. California Superior Court* (1978), 436 U.S. 84, 56 L. Ed. 2d 132, 98 S. Ct. 1690.) A State court may exercise personal jurisdiction over a nonresident defendant only so long as there exist "minimum contacts" between the defendant and the forum State, and those "minimum contacts" with the forum State must be such that maintenance of the suit "does not offend 'traditional notions of fair play and substantial justice.'" The due process clause does not contemplate that a State may make binding a judgment *in personam* against a defendant with which the State has no contacts, ties, or relations. (*International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316-17, 90 L. Ed. 95, 101-102, 66 S. Ct. 154, 158.) Even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy;

even if the forum State is the most convenient location for litigation, the due process clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment. *Hanson v. Denckla* (1958), 357 U.S. 235, 2 L. Ed. 2d 1283, 78 S. Ct. 1228.

■ This case, as the Oklahoma Attorney General points out, is strongly analogous to *World-Wide Volkswagen Corp. v. Woodson* (1980), 444 U.S. 286, 62 L. Ed. 2d 490, 100 S. Ct. 559. In *World-Wide*, the petitioner contended that it was foreseeable that the automobile, although sold in New York to New York residents, would cause injury in Oklahoma because it was an inherently dangerous instrumentality and mobile by its very design and purpose and, therefore, jurisdiction was proper in Oklahoma. But the United States Supreme Court held that the foreseeability of the injury alone, while not wholly irrelevant, has never been a sufficient benchmark for personal jurisdiction under the due process clause. (444 U.S. 286, 295, 62 L. Ed. 2d 490, 500, 100 S. Ct. 559, 566.) The foreseeability that is critical to a due process analysis is not the mere likelihood that the instrumentality of the injury will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State, which purposefully avails the defendant of the privileges and benefits of the States' laws, are such that he should reasonably anticipate being haled into court there. 444 U.S. 286, 297, 62 L. Ed. 2d 490, 501, 100 S. Ct. 559, 567.

The *World-Wide* court found the record totally void of those affiliating circumstances that are a necessary predicate to an exercise of State court jurisdiction. The petitioner did not carry on any activity whatsoever in Oklahoma on which to base the claim that they availed themselves of the privileges and benefits of Oklahoma law. In short, respondent sought to base jurisdiction on one isolated occurrence—the fortuitous circumstance that a single Audi automobile happened to suffer an accident while passing through Oklahoma—and whatever inferences could be drawn from it. Similarly, plaintiffs here seek to base jurisdiction on the single isolated incident that the escaped inmates from Oklahoma fortuitously found their way to Illinois and committed their criminal act here.

■ Additionally, plaintiff's analogy of this case to *Gray v. American Radiator & Standard Sanitary Corp.* (1961), 22 Ill. 2d 432, 176 N.E.2d 761, is not convincing. We find it an untenable conclusion that the Oklahoma legislature's action of adopting the Uniform Criminal Extradition Act or the use of the NCIC system could be construed as acts by which Oklahoma purposefully availed itself of the privileges

and benefits of Illinois law. For due process purposes, the independent States should not be treated like manufacturers of products. Manufacturers often advertise nationwide and actively seek to serve a nationwide market. It is not unreasonable to expect the manufacturer who sends his product to the consumer to travel to the consumer's forum when the product fails and causes injury. (See *Lemke v. St. Margaret Hospital* (N.D. Ill. 1982), 552 F. Supp. 833 (no jurisdiction over nonresident doctor whose negligence in Indiana caused injury in Illinois).) The situation is simply not the same in this case.

Accordingly, we affirm the judgment of the trial court to dismiss for lack of personal jurisdiction.

Affirmed.

SCOTT, P.J., and WOMBACHER, J., concur.