*In re* K.E., a Minor (The People of the State of Illinois, Petitioner-Appellant, v. Kathleen Allport, Respondent-Appellee).

Third District No. 3—86—0484

Opinion filed February 4, 1987.

James T. Teros, State's Attorney, of Rock Island (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Frederick P. Kopp, of Spector, Tappa, Kopp & Nathan, of Rock Island, for appellee.

Alan K. Schmidt, ·Assistant Public Defender, of Rock Island, guardian *ad litem.*

PRESIDING JUSTICE SCOTT delivered the opinion of the court:
The circuit court of Rock Island County certified to this court for the purpose of an interlocutory appeal the following question:

"Whether service of summons on minors must always strictly comply with Illinois Revised Statutes 1985, chapter 37, paragraph 704—3, or whether reasonable exceptions to the rule may be read into the statute where a guardian ad litem is appointed or the minor personally appears in court."

This court granted the People's application for leave to appeal.

The scenario of events which led to the certification of the foregoing question is as follows.

On August 30, 1984, a petition was filed alleging that K.E., a minor, was neglected. On the same date a petition for temporary custody was filed by the Department of Children and Family Services. On August 31, 1984, a hearing was held on the petition for temporary custody. At the hearing the respondent-mother, Kathleen Allport, appeared *pro se* and the minor was present. At this time a guardian *ad litem* was appointed to represent the minor. After hearing the minor, K.E., was placed into temporary custody of the Department of Children and Family Services.

It was on August 30, 1984, that a summons with respect to the neglect petition was issued as to the minor, K.E., as well as respondents, Kathleen Allport and Michael Belleau. Service as to the minor was obtained by serving Evelyn Whitford of Bethany Home, a shelter-care facility. Respondent Allport was personally served. An affidavit for service by publication was issued with respect to the purported father, Michael Belleau.

On October 19, 1984, a hearing on the neglect petition was conducted. At the hearing, the minor's personal presence was excused but he was represented by the guardian *ad litem*. Neither the respondent, Kathleen Allport, nor the minor's father appeared, and both were defaulted. After the hearing the minor was found to be neglected and was adjudicated a ward of the court. The matter was continued for dispositional hearing.

On March 6, 1986, a petition to terminate parental rights was filed. An affidavit for service of publication upon Michael Belleau was filed. A certificate of mailing of summons and a copy of petition to terminate by certified mail to respondent Kathleen was also filed. On March 31, 1986, the certified letter to respondent Kathleen was returned unclaimed, and thereafter a certificate of mailing notice by publication was filed as to the respondent. On March 13, 1986, service of summons with respect to the petition to terminate parental rights was served on the minor by substitute service through Evla Mae Zimmerman, an agent of the Salem Children's Home, where the minor was living. On June 2, 1986, service of summons with respect to the petition to terminate parental rights was made upon Michael Belleau. On June 6, 1986, personal service with respect to the parental-termination petition was had on the minor, K.E.

However, on June 3, 1986, the respondent, Kathleen, had filed a motion in the trial court to vacate all orders previously entered and to dismiss the juvenile proceedings. The basis of this motion was that

there was a lack of jurisdiction over the minor, K.E., as the result of failure to personally serve the minor in the neglect proceedings. This motion was premised upon failure to comply with the provisions of section 4—3(5) of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 704—3(5)) and what at that time was a recently published case from the fourth appellate court district, *In re Day* (1985), 138 Ill. App. 3d 783, 486 N.E.2d 307.

On June 25, 1986, a hearing was had on the motion to vacate and dismiss which was, on July 3, 1986, granted by order of the trial court.

We have meticulously set forth every procedural detail regarding this case, which spanned a period of almost two years, only to have the efforts of the People come to naught even though such efforts were desirable and necessary.

In this appeal the People argue that service of summons on minors in juvenile proceedings need not always strictly comply with section 4—3 (Ill. Rev. Stat. 1985, ch. 37, par. 704—3), in that reasonable exceptions to that rule may be read into the statute.

It is undisputed that a minor, no matter how tender its years may be, must be served with a summons or notice, and this requirement set forth in paragraph 4—3(1) of the Juvenile Court Act is as constitutionally rigid as procedural requirements relating to criminal or civil cases. It is undisputed that the infant child in the instant case was not served with summons until some 22 months after the proceedings were commenced by the filing of a petition of neglect. This court is not deaf as to the "reasonable exceptions" rule advocated by the State, for the requirement of service or notice upon an infant child is indeed a meaningless act and seems to be even more so when a guardian *ad litem* has been appointed to represent the child. The trial court in granting the respondent Kathleen Allport's motion to vacate all orders and to dismiss the proceedings, stated in a memorandum to counsel, "The court fully realizes the technicality of this situation, verging on absurdity." The trial court nevertheless concludes, as does this court, that it was obligated to follow the decision of the fourth district appellate court in *Day.* (*In re Day* (1985), 138 Ill. App. 3d 783, 486 N.E.2d 307.) We quarrel not with the People's assertion that an appellate court is not in all instances bound to follow the decisions of the appellate courts of other districts. However, there are compelling reasons to do so unless a district has made a determination of its own contrary to that of another district or there is a split of authority among the districts. Appellate courts of our State are bound to follow the decisions of the Illinois Supreme Court and the United States Su-

preme Court.

The case of *Day* is the only case specifically on all fours with the instant case. The *Day* decision relies principally on the decision in *In re Crouch* (1985), 131 Ill. App. 3d 694, 476 N.E.2d 69, *appeal denied* (1985), 106 Ill. 2d 554. In the case of *Crouch*, the reviewing court relied principally upon the supreme court case of *People v. R.D.S.* (1983), 94 Ill. 2d 77, 445 N.E.2d 293 (Goldenhersh, J., specially concurring, Simon, J., dissenting, joined by Ryan, J.). The case of *R.D.S.* affirmed this court's decision in *In re R.D.S.* (1981), 100 Ill. App. 3d 1201, 429 N.E.2d 931.

As previously stated, the case of *Day* is indistinguishable on its facts and procedural aspects from those presented in the instant case. For that reason no useful purpose would be served by addressing in detail every argument raised by the People. The brief of the People does not distinguish *Day* from the instant case but asks that we disregard the case. We are not enchanted with the meaningless requirement which is determinative of this appeal. It smacks of an archaic requirement that an infant of tender days, weeks, or months must be actually served in proceedings under the Juvenile Court Act. The trial court in its memorandum adopted the language of Justice Simon, who, in his dissent from the supreme court's denial of leave to appeal in the *Day* case (*In re Day* (1985), 138 Ill. App. 3d 783, 486 N.E.2d 307, *appeal denied* (1986), 111 Ill. 2d 33, 41 (Simon, J., dissenting)) stated that the decision "cries out for correction." If a change is to be effected, then the trial judge correctly stated, "At this point only the Supreme Court or the legislature can correct what appears to be an unduly rigid and technical statute, or construction of that statute."

For the reasons stated the judgement of the circuit court of Rock Island County is affirmed.

Affirmed.

BARRY and WOMBACHER, JJ., concur.