168 Ill. App.3d 76 (1988)
522 N.E.2d 625
In re D.S. et al., Minors (The People of The State of Illinois, Petitioner-Appellee,
v.
Joseph S., Respondent-Appellant).
Nos. 85-1796, 85-1797, 85-1798 cons.
Illinois Appellate Court  First District (5th Division).
Opinion filed March 11, 1988.
Paul P. Biebel, Acting Public Defender, of Chicago (Frances Sowa, Assistant Public Defender, of counsel), for appellant.
*77 Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Paula M. Carstensen, and Kevin T. Byrne, Assistant State's Attorneys, of counsel), for the People.
Reversed and remanded.
PRESIDING JUSTICE LORENZ delivered the opinion of the court:
Joseph S. appeals from an order of the circuit court of Cook County terminating his parental rights relative to his three minor children, D.S., R.S., and I.S., and appointing a guardian to consent to their adoption. Joseph contends that: (1) the failure to serve his minor children with summons or notice of the proceedings deprived the circuit court of jurisdiction; (2) the finding of unfitness was contrary to the manifest weight of the evidence; and (3) the evidence did not support the circuit court's determination that it was in the minors' best interest to appoint a guardian to consent to their adoption.
We find that the circuit court lacked jurisdiction over this matter and therefore reverse and remand.
In January 1985 the State filed petitions seeking termination of the parental rights of Joseph S. and Madeline A. and appointment of a guardian with the right to consent to adoption. Minors-respondents D.S., I.S., and R.S., then ages 15, 14, and 12, respectively, were not served with summons or notice of these proceedings. A dispositional hearing on these petitions was held June 4, 1985. The minors-respondents were represented at the hearing by two guardians ad litem but the record does not establish that the minors-respondents themselves were present. Joseph was represented by an assistant public defender and testified at the hearing. Madeline, who had previously executed surrenders for adoption as to all three minors and who had been served with summons, did not appear.
At the hearing the court took judicial notice that in a prior proceeding on August 5, 1982, there had been a finding of neglect with regard to Madeline and a finding of sexual abuse by Joseph of all three minor respondents. At that prior proceeding the minors-respondents were adjudicated wards of the court.
The circuit court then heard testimony from a number of social workers, the minors-respondents' foster mother, and Joseph. At the conclusion of the hearing the court found Joseph to be an unfit parent, based in part on his failure to make reasonable efforts to correct the conditions which were the basis for removal of the minors and his failure to make reasonable progress toward their return. The court further found that Madeline had surrendered her parental rights and that it was in the best interest of the minors that a *78 guardian be appointed with the right to consent to their adoption. Pursuant to this finding a guardian with that right was appointed.

OPINION
 1, 2 We first consider Joseph's contention that the circuit court lacked jurisdiction in this cause because of the failure to serve the minors-respondents with a summons or notice of the proceedings. At the time the petitions in question were filed, section 4-3 of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, par. 704-3) required that "[t]he summons shall be directed to the minor and to each person named as a respondent in the petition." In People v. R.D.S. (1983), 94 Ill.2d 77, 445 N.E.2d 293, and People v. R.S. (1984), 104 Ill.2d 1, 470 N.E.2d 297, the Illinois Supreme Court held that pleadings which fail to notify necessary respondents in Juvenile proceedings failed to invoke the jurisdiction of the court and thus rendered the court's subsequent orders void. Based on these decisions this court determined that failure to strictly comply with the notice provisions of section 4-3 deprived the circuit court of jurisdiction in termination of parental rights cases, thus rendering void subsequent orders of those courts. (In re Crouch (1985), 131 Ill. App.3d 694, 476 N.E.2d 69 (failure to notify two-year-old and one-year-old minors-respondents); In re Day (1985), 138 Ill. App.3d 783, 486 N.E.2d 307 (failure to notify 23-day-old minor-respondent).) Subsequently in In re Pronger (1986), 148 Ill. App.3d 311, 499 N.E.2d 155, this court reversed an order terminating parental rights with respect to an infant minor because of the failure to serve the minor with summons in a prior proceeding which resulted in the adjudication of the minor as a ward of the court. But on review (In re Pronger (1987), 118 Ill.2d 512) the Illinois Supreme Court noted that after the filing of the appellate court decision in Pronger, the legislature had amended section 4-3 to require that "[t]he summons shall be directed to the minor's legal guardian or custodian and to each person named as a respondent in the petition." (Ill. Rev. Stat., 1987 Supp., ch. 37, par. 704-3 (Pub. Act 84-1460, § 1, eff. Jan. 12, 1987.)) Noting legislative debate indicating that this amendment was in response to the Day opinion, the court held that the amendment should be applied retroactively. The court also noted that if it were to find that it lacked jurisdiction, thus requiring reinstitution of the proceeding, the amended statute would apply and service would again be had on the representative of the minor, as was done in the original proceeding. For these reasons the court determined that the trial court had jurisdiction and that the subsequent declaration concerning parental rights was not void.
*79 What was not noted in the supreme court's opinion in Pronger was that section 4-3 had been amended a second time to require that
"[t]he summons shall be directed to the minor's legal guardian or custodian and to each person named as a respondent in the petition, except that summons need not be directed to a minor respondent under 8 years of age for whom the court appoints a guardian ad litem if the guardian ad litem appears on behalf of the minor in any proceedings under the Act." (New language emphasized.) Pub. Act 85-720, eff. Jan. 1, 1988 (amending Ill. Rev. Stat. 1985, ch. 37, par. 704-3).
The clear effect of this amendment is to reinstate the requirement of service on minor-respondents eight years of age or older. In this cause the minors-respondents were all over eight years of age at the time of the filing of the petition to terminate the parental rights of Joseph and Madeline. Thus, the failure to serve them with summons or notify them of these proceedings deprived the circuit court of jurisdiction and rendered void the circuit court's order terminating parental rights and appointing a guardian. Unlike the situation before the supreme court in Pronger, upon remandment here service could not be effectuated under the amended statute in the same manner originally attempted. Moreover, we are not here concerned with very young children whose knowledge of and participation in the proceedings would be meaningless. Accordingly, we reverse the order of the circuit court and remand this cause for the institution of new proceedings with proper notice to all parties.
Reversed and remanded.
SULLIVAN and MURRAY, JJ., concur.