HARMON WASHINGTON, Petitioner-Appellee, v. MICHAEL P. LANE, Respondent-Appellant.

Third District   No. 3—87—0457

Opinion filed May 24, 1988.

Neil F. Hartigan, Attorney General, of Springfield (Kenneth A. Fedinets, Assistant Attorney General, of Chicago, of counsel), for appellant.

Harmon Washington, of University Park, appellee *pro se.*

JUSTICE SCOTT delivered the opinion of the court:

The trial court granted Harmon Washington's petition for a writ of *habeas corpus.* The respondent, Michael P. Lane, director of the Illinois Department of Corrections, appeals.

The record shows that on July 1, 1987, the petitioner filed an amended petition for a writ of *habeas corpus* seeking release on the grounds that because of insufficient notice, the trial court had lacked jurisdiction for the juvenile proceedings supporting his placement in the department of corrections. In support of his petition, the petitioner alleged that at no time during the original proceedings was he personally served with a summons.

Following a hearing, the trial court ruled that because the petitioner was not served with a summons, the court which placed him under the department of corrections had never obtained jurisdiction over him. Accordingly, the court granted the petition for a writ of *habeas corpus.*

At the time of the initial proceedings in this case, section 704—3(1) of the Juvenile Court Act provided:

> "When a petition is filed, the clerk of the court shall issue a summons *** to the minor and to each person named as a respondent in the petition." Ill. Rev. Stat. 1985, ch. 37, par. 704—3(1).

In making its decision, the instant trial court relied on our holding in *In re K.E.* (1987), 151 Ill. App. 3d 1055, 504 N.E.2d 191.

There, we affirmed the trial court's ruling that it lacked jurisdiction over a minor because the minor was not personally served with a summons. In so ruling, we noted that we were not enchanted with the meaningless, archaic requirement. Still, we determined that "only the Supreme Court or the legislature [could] correct what appear[ed] to be an unduly rigid and technical statute." 151 Ill. App. 3d at 1058.

Effective January 12, 1987, section 704—3(1) was amended to provide:

> "When a petition is filed, the clerk of the court shall issue a summons *** to the minor's legal guardian or custodian and to each person named as a respondent in the petition. Ill. Rev. Stat., 1987 Supp., ch. 37, par. 704—3(1).

Following the trial court's decision in the instant case, the Illinois Supreme Court addressed the January 12 statutory amendment. In *In re Pronger* (1987), 118 Ill. 2d 512, 517 N.E.2d 1076, the supreme court considered a case in which the minor was not personally served with a summons, as was required at the time of the initial petition in his case. The court found that the legislature intended that the January 12, 1987, amendment to the Juvenile Court Act should be applied retroactively. Further, the court noted that amendments relating to procedure, including those related to service of summons, are generally applied retroactively. Finally, the court stated that the *Pronger* minor had not shown or even argued that any substantial interests had been prejudiced by the failure to obtain personal service on him. Accordingly, the supreme court held that the trial court had had jurisdiction over the minor and that the failure to service notice in the manner provided by statute had not rendered the subsequent trial court actions void. 118 Ill. 2d 512, 517 N.E.2d 1076.

■ In the instant case, the petitioner made no showing, nor did he even argue, that any substantial interests had been prejudiced by the failure to obtain personal service on him. We therefore find, pursuant to *Pronger*, that the trial court had jurisdiction for the original proceedings against the petitioner. Accordingly, we reverse the court's granting of the petition for a writ of *habeas corpus*.

The judgment of the circuit court of Will County is reversed.

Reversed.

BARRY and WOMBACHER, JJ., concur.