*In re* S.B. *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. Denise B., Respondent-Appellant).

First District (4th Division)   No. 86—1414

Opinion filed October 20, 1988.

Paul P. Biebel, Jr., Public Defender, of Chicago (Nancy Lipman and Alison Edwards, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Kenneth McCurry and Lynda Peters, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McMORROW delivered the opinion of the court:

Respondent appeals from the judgment of the circuit court of Cook County that awarded to the Department of Children and Family Services (DCFS) the guardianship with right to place over her five minor children. Respondent contends that the judgment is void because the minors were not served with summons or notice as required by the provisions of the Juvenile Court Act (Ill. Rev. Stat. 1983, ch. 37, pars. 701—1 *et seq.*) in effect when the neglect petitions were filed. We affirm.

BACKGROUND

The proceedings in this case began in September 1983 when five petitions for the adjudication of wardship were filed alleging that respondent's minor children (S.B., D.M., C.M., C.M., and S.M.) were neglected as to necessary care and were dependent based on the mental and/or physical disability of the parent. (Ill. Rev. Stat. 1983, ch. 37, pars. 702—4(1)(a), 702—5(1)(b).) Respondent and the father of the minors were named in the petition and summonses issued advising them of the hearing set for October 19, 1983. Although the summonses were returned unserved, respondent appeared in court on the specified date and counsel was appointed to represent her. The court also appointed a guardian *ad litem* for the minors. There is no indication in the record that any attempt was made to personally serve the minors.

In the proceedings which followed, respondent's counsel stipulated to probable cause and filed a denial on her behalf. The court entered an order of protection with respect to respondent's care of the minors (Ill. Rev. Stat. 1983, ch. 37, par. 705—5) and ordered that an alias summons be served on the father. The father, served by certified mail, appeared in court on February 17, 1984, and acknowledged paternity of the children. The court appointed counsel to represent him and the case was continued by agreement of the parties.

Thereafter a petition for supplemental relief was filed which alleged that three of the minors had been left alone and unsupervised. The petition requested that the protective order be vacated and the DCFS given temporary custody with the right to place. Summonses again issued to respondent and the father at the same address, but were returned unserved. No summons or notice was served upon the guardian *ad litem* for the children, nor on the children themselves. The supplemental petition was subsequently dismissed without prejudice.

On May 9, 1985, a second petition for supplemental relief was

filed asking the court to modify the previous order of protection. No summonses were issued with respect to this second petition for supplemental relief. At a hearing on the second petition held a few weeks later, the parents were represented by their appointed counsel and the minors by their guardian *ad litem*. Parents' counsel informed the court that they had no objection to the supplemental petition and stipulated to probable cause and urgent and immediate necessity. Counsel also agreed to the vacature of the order of protection and the appointment of the guardianship administrator of the DCFS as temporary custodian of the minors with the right to place, without prejudice. An order to that effect was entered and the matter was continued for trial on the merits.

An adjudicatory hearing was held by the court approximately a year later, on April 23, 1986. At that time the parents were present and represented by counsel, and the minors were represented by two guardians *ad litem*. At least two of the minors were also in court. At the close of evidence and argument, the court entered a finding of neglect as to care and necessity. It postponed until dispositional hearing any ruling upon the guardian's oral motion for respondent's unsupervised visits with two of the minors who were in court.

The dispositional hearing was held approximately a month thereafter. The record shows that respondent attended with counsel, that the minors were in court with their grandmother and a maternal aunt, who had custody of them, and that the minors were represented by their guardian *ad litem*. Following the evidentiary hearing, the court found that it was in the best interests of the minors to adjudicate them wards of the court and appointed the guardian administrator of DCFS as guardian with the right to place. Respondent appeals from the judgment entered in accordance with these findings.

OPINION

Respondent contends that the court lacked jurisdiction over the proceeding because the minor children were not served with summons in accordance with the provisions of the Juvenile Court Act. At the time the neglect petitions were filed in this case in 1983, section 4—3 of the Act stated that "[t]he summons shall be directed to the minor and to each person named as a respondent in the petition." (Ill. Rev. Stat. 1983, ch. 37, par. 704—3.) In *In re J.W.* (1981), 87 Ill. 2d 56, 429 N.E.2d 501, the Illinois Supreme Court held that the trial court was vested with jurisdiction over the cause, although the respondent mother was not properly served with summons, when the mother had

actual notice of the proceedings, appeared in court, and was represented by counsel who actively participated in the proceedings. Thereafter, in *People v. R.D.S.* (1983), 94 Ill. 2d 77, 445 N.E.2d 293, and *In re R.S.* (1984), 104 Ill. 2d 1, 470 N.E.2d 297, the supreme court construed as mandatory the summons provision of the Juvenile Court Act and held that the circuit court lacked jurisdiction to dispose of the cause where necessary respondents, including minors, had not been served with summons, did not appear in court, and were not represented by counsel.

Following these supreme court decisions, reviewing courts exacted strict compliance with section 4—3. (See, *e.g.*, *In re Day* (1985), 138 Ill. App. 3d 783, 486 N.E.2d 307; *In re Crouch* (1985), 131 Ill. App. 3d 694, 476 N.E.2d 69.) In doing so, however, courts expressed concern over a procedure which required formal service of process on infants and children who, by virtue of their young age, are unable to be fully aware of and meaningfully participate in the court proceedings. (See, *e.g.*, *In re Day*, 138 Ill. App. 3d at 787.) Responding to this concern, the General Assembly amended the statute in 1987 to provide that "summons shall be directed to the minor's legal guardian or custodian and to each person named as a respondent in the petition." Ill. Rev. Stat., 1987 Supp., ch. 37, par. 704—3 (amended by Pub. Act 84—1460, §1, eff. January 12, 1987).

In *In re Pronger* (1987), 118 Ill. 2d 512, 517 N.E.2d 1076, the supreme court construed this amendment as procedural in nature and discerned that the legislature intended it to apply retroactively. It appears that in *Pronger*, "there were 15 hearings relating to [the termination of the parental rights of the respondent mother] ***. It [was] undisputed that the minor child was not personally served with summons prior to any of these hearings, although he was represented by the guardian *ad litem* at all stages of the proceedings." (118 Ill. 2d at 518.) It also appears that "the court appointed a guardian *ad litem* and the guardian *ad litem* was served and appeared on behalf of the minor at all subsequent proceedings." 118 Ill. 2d at 519.

The court observed that although service of summons was not had upon the minor in the manner prescribed by the statute in effect when the proceeding commenced, it did conform to the method of service provided for in the amended statute. The court also noted that the minor's interests had been fully protected throughout the proceeding. Because there was no showing of prejudice to the minor and the summons had been served in accordance with the amended statute, the court held that the failure to serve notice in the manner provided by the statute in effect at the time the proceeding was commenced

did not deprive the court of jurisdiction to terminate respondent's parental rights.

The relevant provision of the Juvenile Court Act has, since *Pronger*, been further affected by legislative enactment.[1] Public Act 85—720 provides that "summons shall be directed to the minor's legal guardian or custodian and to each person named as a respondent in the petition, except that summons need not be directed to a minor respondent under 8 years of age for whom the court appoints a guardian *ad litem* if the guardian *ad litem* appears on behalf of the minor in any proceedings under the Act." Pub. Act 85—720, §1, eff. Jan. 1, 1988 (approved Sept. 22, 1987) (amending Ill. Rev. Stat. 1985, ch. 37, par. 704—3).

In *In re D.S.* (1988), 168 Ill. App. 3d 76, 522 N.E.2d 625, *appeal denied* (1988), 121 Ill. 2d 570, the court concluded that, based upon the supreme court's decision in *Pronger*, the amendment adopted in Public Act 85—720 effectively reinstates the service requirement with respect to minor respondents who are eight years of age and older. As a result, the court held that in a proceeding to determine parental rights, the failure to serve minor residents ages 12, 14, and 15, respectively, whose presence at the dispositional hearing was not established although they were represented by two guardians *ad litem*, deprived the circuit court of jurisdiction. The court order terminating the parental rights of the father was therefore held void for lack of jurisdiction. See also *In re K.C.* (1988), 118 Ill. 2d 544, 518 N.E.2d 623 (supervisory order), *reversing* 154 Ill. App. 3d 158, 506 N.E.2d 724; *In re K.E.* (1988), 118 Ill. 2d 544, 518 N.E.2d 623 (supervisory order), *reversing* 151 Ill. App. 3d 1055, 504 N.E.2d 191; *In re R.R.S.* (1988), 118 Ill. 2d 544, 518 N.E.2d 623 (supervisory order), *reversing* 160 Ill. App. 3d 548, 514 N.E.2d 192; *cf. People v. D.J.* (1988), 175 Ill. App. 3d 491.

■ The record in the instant case indicates that at the time the proceedings began, the minors were, respectively, one, two, three, seven, and eight years of age. There is no indication that any attempt was made to personally serve them with process. However, as in *Pronger*, a guardian *ad litem* was appointed to represent their interests

---

[1]Public Act 85—601 repealed the Juvenile Court Act and adopts the new Juvenile Court Act of 1987. (Pub. Act 85—601, arts. I to VII, eff. Jan. 1, 1988 (approved Sept. 20, 1987) (codified at Ill. Ann. Stat., ch. 37, par. 801—1 (Smith-Hurd Supp. 1988)).) Section 5—15 of the Juvenile Court Act of 1987 provides that "summons shall be directed to the minor's legal guardian or custodian and to each person named as a respondent in the petition." Ill. Ann. Stat., ch. 37, par. 805—15 (Smith-Hurd Supp. 1988).

on the first court date, and the record clearly shows that this representative participated in every proceeding thereafter to protect the interests of the minors. Thus, consistent with the principles of retroactive application set forth in *Pronger* and followed in *D.S.*, we conclude that the requirements of the amended statute were satisfied with regard to the four minors under the age of eight, and that the court possessed the jurisdiction to enter valid orders affecting those minors.

■ The same result, albeit for different reasons, also applies to eight-year-old S.M. who, in accordance with the most recent amendment to the statute, should have been served with summons. The record shows that the guardian *ad litem* was appointed for all of the minors and that the guardian provided the same representation for S.M. as he did for S.M.'s siblings and actively participated in the proceedings. In addition, S.M. was present at the dispositional hearing. There has been no allegation or showing that any substantial interests were prejudiced by the failure to obtain personal service on him. Accordingly, we find no reason to vacate the judgment or remand his case for additional proceedings. In light of the participation by the guardian in the case at bar, and S.M.'s presence in court, no useful purpose would be served by holding that further notice was required and remanding the matter for additional proceedings. See *In re J.W.* (1981), 87 Ill. 2d 56, 429 N.E.2d 501; *In re Land* (1988), 169 Ill. App. 3d 342, 523 N.E.2d 711; *In re A.H.* (1988), 165 Ill. App. 3d 543, 519 N.E.2d 59; *In re J.A.* (1986), 145 Ill. App. 3d 816, 495 N.E.2d 1340.

For the reasons stated, the orders of the circuit court of Cook County are affirmed.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.