*In re* R.W., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Charles Warner, Respondent-Appellant).

First District (1st Division)   No. 86—2950

Opinion filed November 21, 1988.—Rehearing denied December 20, 1988.

Randolph N. Stone, Public Defender, of Chicago (James W. Younger, Jr., and Karen E. Tietz, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, Lynda A. Peters, and Charles E. Antonietti, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

The respondent, Charles Warner, appeals from an order of the circuit court of Cook County placing his minor son, R.W., under the guardianship of the State of Illinois. The respondent asserts that the trial court's order is void for want of jurisdiction over R.W.

On May 12, 1986, a petition was filed for an adjudication of wardship of R.W. The petition alleged that R.W., who was born August 9, 1974, was abused through excessive corporal punishment and an injurious environment. At a hearing on the temporary custody of R.W., respondent was represented by the public defender. R.W. was represented by a guardian *ad litem* who had been appointed by the court. The guardian *ad litem* appeared, accepted the appointment, stipulated to the jurisdiction of the court, and waived service of summons or process upon the minor, R.W. Following the temporary custody hearing, the court entered a finding of probable cause and appointed a temporary guardian of R.W. The case was then continued for an investigation and for a subsequent adjudicatory hearing.

At the adjudicatory hearing, respondent appeared and testified. The record reflects that R.W. was initially present, but he was later excused without objection and did not participate in any part of the hearing. It does not appear from the record that R.W. was ever served with a summons or a copy of the petition. At the conclusion of the hearing, the trial court made a finding of abuse based upon excessive corporal punishment and continued the case for disposition. At

the dispositional hearing, the court adjudicated R.W. a ward of the court, vacated the temporary guardianship, and appointed a guardian with the right to place. The only issue raised by respondent on appeal is whether the trial court's adjudication is void for lack of jurisdiction over R.W., who was not personally served with a summons or a notice of the proceedings.

At the time of the filing of the petition in the instant case, section 4—3 of the Juvenile Court Act required that "the summons shall be directed to the minor and to each person named as a respondent in the petition." (Ill. Rev. Stat. 1985, ch. 37, par. 704—3.) The statute was later amended, effective January 12, 1987, to require that "[t]he summons shall be directed to the minor's legal guardian or custodian and to each person named as a respondent in the petition." (Ill. Rev. Stat., 1987 Supp., ch. 37, par. 704—3.) Our supreme court in *In re Pronger* (1987), 118 Ill. 2d 512, 517 N.E.2d 1076, held that this 1987 amendment to section 4—3 excused service of summons upon a minor in a juvenile neglect proceeding. Instead, the court found that the section as amended now allowed for service upon the child's legal guardian or custodian to establish jurisdiction. The supreme court, quoting from debates in the House of Representatives, found that this interpretation was clearly consistent with the intent of the legislature. The court noted that the report of the House proceedings (84th Ill. Gen. Assem., House Proceedings, June 30, 1986, at 173), reflected the legislature's intention to reverse the result of a previous appellate court decision in *In re Day* (1985), 138 Ill. App. 3d 783, 486 N.E.2d 307, where the court had held that failure to give notice to minors in juvenile proceedings deprived the trial court of jurisdiction. Representative Bowman, the sponsor of the legislative bill, as noted by the supreme court, identified this as the primary purpose of the bill during the house debates, and stated: "[W]e are not limiting the service requirement. We are just saying that it [service] can be discharged satisfactorily under the law by providing service to a representative *** a court appointed representative of the minor." 84th Ill. Gen. Assem., House Proceedings, May 15, 1986, at 43-44.

Consequently, the supreme court, in *Pronger*, found that this amendment was enacted specifically to correct the error of the *Day* court, which had misinterpreted section 4—3 (84th Ill. Gen. Assem., House Proceedings, May 15, 1986, at 43), and that, under such circumstances, the amendment must have also been intended to be applied retroactively. Accordingly, the supreme court ruled that the amendment could be applied in the *Pronger* case, since final appellate judgment had not been rendered, and held that service on the guard-

ian *ad litem* in that case satisfied the statute.

However, subsequent to the amendment considered by the *Pronger* case, the statute was again amended to now provide:

> "The summons shall be directed to the minor's legal guardian or custodian and to each person named as a respondent in the petition, *except that summons need not be directed to a minor respondent under 8 years of age for whom the court appoints a guardian ad litem if the guardian ad litem appears on behalf of the minor in any proceeding under the Act.*" (Emphasis added.) (Pub. Act 85—720, eff. Jan. 1, 1988 (amending Ill. Rev. Stat. 1985, ch. 37, par. 704—3).)

This new amendment was enacted by the legislature on June 25, 1987 (85th Ill. Gen. Assem., House Proceedings, June 25, 1987, at 91-93), before the *Pronger* court decision was handed down on December 21, 1987. The effective date of the new amendment was, however, after the *Pronger* decision, on January 1, 1988. It is apparent that the *Pronger* court was unaware of this action by the Illinois House of Representatives prior to its decision, as there was no reference to these later House of Representative proceedings in *Pronger,* but there was, as noted above, extensive reference to the proceedings of the House in the 84th General Assembly. It is also just as evident that the House was unaware of the *Pronger* decision of the supreme court at the time of the debate in the 85th General Assembly, since the report of those proceedings makes no mention of the decision of the supreme court during those debates. See 85th Ill. Gen. Assem., House Proceedings, June 25, 1987.

■ Following this new amendment, but after the *Pronger* case, our court has, on at least two occasions, held that the effect of this new amendment was to reinstate the requirement of service on the minor-respondent, at least as to minors eight years of age or older. (See *In re D.S.* (1988), 168 Ill. App. 3d 76, 79, 522 N.E.2d 625, 627; *cf. In re S.B.* (1988), 176 Ill. App. 3d 43.) We disagree with those decisions and their interpretation of the new amendment to section 4—3 (Ill. Rev. Stat., 1987 Supp., ch. 37, par. 704—3) for the reasons that follow.

An examination of the debates of the 85th General Assembly House Proceedings indicates that, consistent with the prior amendment enacted by the 84th General Assembly, the new amendment was merely an additional attempt to excuse service on minors as a jurisdictional requirement. The legislature believed a new amendment was necessary, again, because of another appellate court decision, subsequent to the appellate court decision in the *Day* case, which had mis-

interpreted the amendment of the 84th General Assembly. The colloquy between the House sponsor of the amendment in the 85th General Assembly, Representative McCracken, and his colleagues makes this clear. In explaining the amendment to his colleagues, Representative McCracken states:

> "Amendment 3 would allow service upon a guardian ad litum [*sic*] to satisfy the requirement of service upon a minor in a juvenile proceeding. Current Law specifies that all respondents to the action shall be served with summons. The courts have construed that literally to require service on even infant respondents, [the amendment provides that] so as long as there is a guardian ad litum [*sic*] entering an appearance on behalf of the minor, service of the summons upon the guardian ad litum [*sic*] qualifies for juveniles less than eight years old. Yes, under eight. I move its adoption." (85th Ill. Gen. Assem., House Proceedings, June 25, 1987, at 91.)

Representative Homer then spoke in support of the amendment and expressed the specific reason for this new amendment:

> "I rise to support the Gentleman's amendment and to indicate that it is in response to a 1987 opinion filed in the Third District Court in *In re K.E., a minor,* where that Court held that in a neglect proceeding that even though a guardian ad litum [*sic*] had been appointed for the infant child, and the infant child appeared in court along with the guardian ad litum [*sic*], that jurisdiction was not technically obtained by the court for the reason that the summons was not personally served on the infant. That's obviously a ludicrous situation, to have the sheriff go out and serve an infant child with a summons. By a Public Act in 1984, the General Assembly attempted to address that issue by expressly providing that service shall be upon the guardian ad litum [*sic*], but they did not correct the problem according to this Appellate Court's opinion because the Statute also says, 'and upon each respondent in the case.' And because technically the infant child is still a respondent, this Appellate Court case ruled that the service was not effectuated, so I rise to support the Gentleman's Amendment." 85th Ill. Gen. Assem., House Proceedings, June 25, 1987, at 91-92.

Following Representative Homer's statement, Representative Bowman asked Representative McCracken if this issue had not in fact been resolved by the General Assembly in the prior year's session. Representative Bowman was the sponsor of the amendment in the 84th General Assembly to section 4–3, and his statements at that

time made in support of the amendment were quoted by the supreme court in the *Pronger* opinion as expressing the intent of the legislature to allow service upon a guardian *ad litem* of minor to satisfy the requirements of jurisdiction under the Juvenile Neglect Act. *Pronger,* 118 Ill. 2d at 520-21, 517 N.E.2d at 1079.

Representative McCracken responded to Representative Bowman's inquiry and said:

> "I'm sorry. The problem is *** was not corrected by your Bill. Apparently the [appellate] court considered your language and found that it did not correct the problem. No offense." 85th Ill. Gen. Assem., House Proceedings, June 25, 1987, at 93.

Representative Bowman then concurred in the amendment, stating:

> "Well, that's okay, but we may have to keep doing this every year if the court is being very fussy about such things. Okay, fine. I stand in support of this Amendment." 85th Ill. Gen. Assem., House Proceedings, June 25, 1987, at 93.

We believe this discussion in the 85th General Assembly House Proceedings relating to the new amendment establishes that the House was only continuing to attempt to achieve its goal of allowing a guardian *ad litem* to receive service on behalf of a minor in a juvenile neglect proceeding when it enacted this new amendment. The House, as evidenced by the statements of Representative Bowman, had also attempted to accomplish this result in the 84th General Assembly by the amendment to section 4—3 made at that time. Unfortunately, what the legislators in the 85th General Assembly could not know was that the supreme court would later uphold, in its decision on December 21, 1987, in *Pronger,* the exact result they intended by the action of the 84th General Assembly. However, without the guidance of the *Pronger* decision, the 85th General Assembly again attempted to achieve this same result by a new amendment.

Hence, we do not believe that the language of the new amendment, "except that summons need not be directed to a minor respondent under 8 years of age for whom the court appoints a guardian ad litem if the guardian ad litem appears on behalf of the minor in any proceeding under this Act" (Pub. Act 85—720, eff. January 1, 1988) expresses any intent or indication that the legislature meant to limit the interpretation of section 4—3 by the supreme court in *Pronger.* We believe on the contrary that the subsequent amendment to section 4—3 by the legislature, without the benefit of the supreme court's decision in *Pronger,* was, as stated, only a continuing effort to achieve its desired result of removing a requirement of service on minors; to

avoid, as stated by Representative Homer, the ludicrous result requiring infants to be served with process before a trial court could acquire jurisdiction in juvenile neglect proceedings. While the statement of Representative Homer specifically referred to infants, there is absolutely no indication in the debates that the legislature believed that any purpose would be accomplished by requiring service of process, as a matter of jurisdiction, on minors who were older than infants, *viz*, those eight years and older. As our court observed in a similar context, in *In re R.R.S.* (1987), 160 Ill. App. 3d 548, 514 N.E.2d 192, the age of the minor should not be a dividing line in determining personal jurisdiction, any more than any of the many other factors which the court had previously rejected as determining jurisdiction, and that proper service of process, as required by the statute, was the only appropriate basis for determining jurisdiction. Additionally, there does not appear to be any reason, nor has any been suggested, either legal or sociological, for a different procedure to be followed in obtaining jurisdiction in a juvenile neglect proceeding based upon age of the minor where the court has appointed a guardian *ad litem*. Guardians are generally appointed by the court if necessary or convenient in any situation where there is a minor because of a minor's legal disability to control his or her own affairs. (See Ill. Rev. Stat. 1987, ch. 110½, par. 11–1 *et seq.*) While distinctions have been recognized based on the age of the minors for some purposes (see Ill. Rev. Stat. 1987, ch. 110½, par. 11–5(c) (minors 14 or more years of age may nominate guardian)), this has not been the case for substantive legal purposes, such as jurisdiction. (See, *e.g., People v. D.J.* (1988), 175 Ill. App. 3d 491, 493, citing *In re K.C.* (1987), 154 Ill. App. 3d 158, 500 N.E.2d 724, *rev'd on other grounds by supervisory order* (1988), 118 Ill. 2d 544, 518 N.E.2d 623 (a minor cannot waive service or enter his or her appearance, and, hence, jurisdiction is obtained exclusively by service of process).) Furthermore, a minor may not even appear or defend in a legal action, but may do so only through a representative or a guardian *ad litem* appointed by the court. 27 Ill. L. & Prac. *Minors* §§71, 78 (1956).

■ We, therefore, believe that based upon the legislative debates relating to both amendments, the supreme court's decision in *Pronger,* and the fact that a guardian *ad litem* was appointed and appeared at the proceedings for R.W., and that R.W. himself had notice of the proceeding and initially appeared, although he was later excused from further participation, no useful legal purpose would be served here by requiring some further notice to the minor and remanding the matter for additional proceedings. (See *In re S.B.* (1988),

176 Ill. App. 3d 43.) Moreover, there was no showing that any substantial interest of the minor or of anyone else was prejudiced by the failure to obtain personal service on R.W. For all these reasons, we hold that the trial court had jurisdiction and that the failure to personally serve the minor, R.W., who was over eight years of age, did not render invalid the court's subsequent determination voiding the respondent's parental rights.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

BUCKLEY and QUINLAN, JJ., concur.